## No. 14,115.

NORTHWESTERN TERMINAL RAILROAD COMPANY ET AL. *v.*
PILO.
(66 P. [2d] 532)

Decided March 22, 1937.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. J. H.
SHEPHERD, for plaintiffs in error.

Mr. ALBERT E. SHERLOCK, Mr. DON B. OLIVER, Mr. CON
K. O'BYRNE, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the
court.

PLAINTIFFS in error are hereinafter referred to as the
railways, and defendant in error as Pilo.

Pilo brought this suit against the railways for damages
claimed for the flooding of his premises and destruction
of his property due to the negligent construction and

maintenance by them of a certain bridge. On a verdict in his favor for $1,750 judgment was entered. To review that judgment the railways prosecute this writ and ask that it be made a supersedeas. They assign three errors to the court's refusal to give three instructions. Pilo assigns nine cross-errors, two of which go to the giving of two instructions, and the remaining seven to the court's refusal to give seven instructions. Nothing more.'

By the railways' requested instruction No. 1, the jurors were told that if sufficient water overflowed below the bridge to cause Pilo the same damage, regardless of the bridge, verdict should be for the railways. By their requested instruction No. 2, the jurors were told that if a portion of the water which caused the damage complained of overflowed below the bridge and a portion of that damage was caused by the construction and maintenance of the bridge, and they were unable to apportion the damage as between the two, they could not resort to surmise and speculation but must return a verdict for the railways. By the railways' requested instruction No. 3, the jurors were told that if a portion of the damages complained of were caused by the bridge and a portion by overflow below the bridge the railways could be held only for the former. These three instructions amount simply to this: Before Pilo can recover he must show that the construction and maintenance of the bridge was the proximate cause of his damage, and only for damage so established by a fair preponderance of the evidence can a verdict be returned.

Since instruction No. 1 given, limited liability to proximate cause, and instruction No. 6 given, correctly defined proximate cause, and these were emphasized and clarified by others given, we are unable to detect anything in those refused and assigned save variation and argument. If the jurors followed said numbers 1 and 6 they could not possibly have fallen into any of the errors which counsel sought to guard against by the refused instructions. We cannot believe that on any material point they

were either unguided, or misguided. Many minor matters not covered by the assignments are argued. We discover no necessity to discuss either these or the cross assignments.

The judgment is affirmed.

Mr. Justice Hilliard and Mr. Justice Bakke concur.